U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED   AUG 15 2005
LORETTA G. WHYTE
CLERK

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
FILED
AUG 15 2005
CHARLES R. FULBRUGE III
CLERK

No. 05-30131
USDC No. 2:03-CV-2217

ERIC ROGERS,

          Petitioner-Appellant,

versus

BURL CAIN, WARDEN,
LOUISIANA STATE PENITENTIARY,

          Respondent-Appellee.

--------------------

Appeal from the United States District Court
for the Eastern District of Louisiana

--------------------

O R D E R:

    Eric Rogers, Louisiana prisoner # 375175, moves for a certificate of appealability ("COA") to appeal the dismissal of his 28 U.S.C. § 2254 petition, wherein he challenged his conviction for second degree murder. A COA may be issued only if Rogers has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). When the district court has denied federal habeas relief based upon procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

Fee _____
Process _____
X Dktd _____
___ CtRmDep _____
___ Doc. No. _____

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When the district court's denial is on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

Rogers argues that the trial court erroneously denied admission of expert testimony regarding eyewitness identification and denied admission of a tape recorded statement. Rogers has not adequately briefed these issues, and they will not be considered. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9). Rogers also argues that the grand jury foreperson selection process was racially discriminatory and violated equal protection, due process, and the state constitution. Rogers has not addressed the district court's conclusion that this issue is procedurally defaulted, and the issue is deemed abandoned. See Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999); see also Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Rogers argues further that 1) at his first trial the state suppressed evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963); 2) his identification was improperly suggestive and unreliable; 3) the evidence was insufficient; 4) the trial court erroneously denied a post verdict motion for new trial or

judgment of acquittal; and 5) trial counsel was ineffective for failing to subpoena two witnesses and for failing to challenge the selection process of the grand jury foreperson. Rogers has failed to show that reasonable jurists would find the district court's assessment of these constitutional claims debatable or wrong. See Slack, 529 U.S. at 484.

Accordingly, the motion for a COA is DENIED.

_____
EMILIO M. GARZA
UNITED STATES CIRCUIT JUDGE

A true copy
Test:
Clerk, U. S. Court of Appeals, Fifth Circuit

By_____
Deputy
New Orleans, Louisiana    AUG 1/5 2005